ENTERED AUG 2 2 2014

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. PORSC-RE-13-296
TDW-CUM -07-15-14

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ONEWEST BANK, FSB
        PLAINTIFF

v.

OUIDA L. WILKINS
        DEFENDANT

AND

SECRETARY OF HOUSING AND URBAN
DEVELOPMENT
        PARTIES IN INTEREST

STATE OF MAINE
Cumberland ss. Clerk's Office

JUL 15 2014

RECEIVED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CONSENTED JUDGMENT OF FORECLOSURE AND SALE
## TITLE TO REAL ESTATE IS INVOLVED

15 Carroll Street, Portland, Maine 04102
Cumberland County Registry of Deeds Book 22998, Page 146

With the consent of the parties, the Court finds as follows:

1. There has been a breach of the conditions of the Mortgage given by Ouida L. Wilkins to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B., dated August 1, 2005, and recorded in the Cumberland County Registry of Deeds in Book 22998, Page 146 (the "Mortgage"), as a result of a default on the Promissory Note secured thereby. The Mortgage was assigned to Mortgage Electronic Registration Systems, Inc. (MERS), a Delaware Corporation, its successors and assigns, as nominee for Financial Freedom Acquisition LLC, evidenced by assignment recorded February 10, 2010 in Book 27587, Page 311. The Mortgage was further assigned to OneWest Bank, FSB, n/k/a OneWest Bank, N.A., evidenced by assignment recorded May 30, 2012 in Book 29619, Page 165. The subject property is located at 15 Carroll Street, Portland, Maine 04102 and is more particularly described in the legal description attached hereto as Exhibit A (the "Premises").

2. Mediation has been completed in accordance with 14 M.R.S. § 6321-A(9) and M.R. Civ. P. 56(j), as evidenced by the Mediator's Final Report filed with the Court on August 30, 2013.

3. In accordance with the terms of the Note and the Mortgage, all sums advanced pursuant to the Note and Mortgage were due and payable in full upon the subject property no longer being the primary residence of the mortgagor.

4. There has been a default on the obligations under the Note and a breach of the conditions of the Mortgage by acts and omissions, including, but not limited to, failing to pay sums when due under the Note.

5. As of June 30, 2014, the following amounts are owed to the Plaintiff under the terms of the Note and Mortgage:

| | |
|---|---:|
| Principal Balance | $252,371.53 |
| Accrued Interest | $66,634.87 |
| Initial MIP | $4,978.00 |
| Monthly MIP | $11,715.32 |
| Monthly Servicing Fees | $3,210.00 |
| Servicing Advances | $2,985.13 |
| Attorney's Fees and Costs | $3,675.13 |
| Total | $345,569.98 |

Additional pre-judgment interest is accruing and post-judgment interest will accrue at a rate of 1.61% per annum in accordance with the Note and 14 M.R.S. § 1602-B. Plaintiff has foregone any right to any higher rate that may be allowable under 14 M.R.S. § 1602-C. Additional attorney's fees, real estate taxes, costs and amounts advanced to protect the security of Plaintiff's mortgage may continue to accrue through the date of redemption or sale and the completion of these proceedings.

6. The order of priority of any party appearing in this action is as follows:

First Priority: The Mortgage held by Plaintiff recorded in the Cumberland County Registry of Deeds in Book 22998, Page 146. The amount due the Plaintiff is as set forth above.

Second Priority: Secretary of Housing and Urban Development, by virtue of a mortgage recorded August 9, 2005 in Book 22998, Page 156. As of April 16, 2013, the amount owed to Party-in-Interest Secretary of Housing and Urban Development is $0.00.

Third Priority: Ouida L. Wilkins

7. There are no public utility easements affected by this action.

8. The names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

     a.     OneWest Bank, FSB, n/k/a OneWest Bank, N.A.
           888 East Walnut Street
           Pasadena, CA 91101

     Counsel:     Leonard F. Morley, Jr., Esq. #3856
                  William B. Jordan, Esq. #461
                  Elizabeth P. Hunt, Esq. #3162
                  Elizabeth M. Young, Esq. #5150
                  Robert L. Jackson, Esq. #4496
                  Shapiro & Morley, LLC
                  707 Sable Oaks Dr., Suite 250
                  South Portland, Maine 04106
                  (207) 775-6223

     b.     Ouida L. Wilkins
           15 Carroll Street
           Portland, ME 04102

     Counsel:     Alan R. Atkins, Esq.
                  Atkins Chowdry, LLC
                  100 Commercial Street, Suite 306
                  Portland, ME 04101

     c.     Secretary of Housing and Urban Development
           c/o Maria C. Bida
           202 Harlow Street
           Bangor, ME 04401

     Counsel:     Thomas E. Delahanty II, Esq.
                  100 Middle Street
                  6th Floor, East Tower
                  Portland, ME 04101

9. The docket number for this action is PORSC-RE-13-296.

10. All parties have received notice of these proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure and any order of this Court.

IT IS THEREFORE ORDERED AND ADJUDGED that:

a. Judgment of Foreclosure and Sale is hereby entered in favor of OneWest Bank, FSB, n/k/a OneWest Bank, N.A. If Ouida L. Wilkins does not pay to the Plaintiff, its successors and assigns, the amount of the Plaintiff's total claim due as set forth above within the statutory 90-day period of redemption established by 14 M.R.S. § 6322, then OneWest Bank, FSB, n/k/a OneWest Bank, N.A., its successors and assigns, shall sell the Premises pursuant to 14 M.R.S. § 6321 et seq., and shall disburse the proceeds of the sale, after deducting the expenses thereof, in the following order:

First, to OneWest Bank, FSB, n/k/a OneWest Bank, N.A., its successors and assigns, as set forth above;

Second, to Secretary of Housing and Urban Development, its successors and assigns, as set forth above;

Third, the surplus proceeds, if any, to Ouida L. Wilkins in accordance with 14 M.R.S. § 6324.

b. All remaining rights of the Defendant to possession shall terminate upon expiration of the statutory ninety (90) day redemption period. If Defendant has not redeemed the mortgage by that date, Defendant is ordered to vacate the real estate at that time, and a Writ of Possession shall issue to the Plaintiff for possession of the real property upon application for the same.

c. The Court specifically finds that there is no just reason for delay of the entry of final judgment for the relief requested in Plaintiff's complaint, and the Clerk is directed to enter this Order as a final judgment pursuant to Rule 54.

d. If an appeal is not filed and the Clerk has so certified, OneWest Bank, FSB, n/k/a OneWest Bank, N.A., shall be responsible for recording an attested copy of this judgment in the Cumberland County Registry of Deeds and paying the recording fee.

e. Pursuant to Rule 79(a) this Order may be incorporated by reference on the Civil Docket.

Dated: 7/15/14

Entered On: 7-16-14

_____
Justice, Superior Court

Seen and Agreed:


Ouida L. Wilkins


_____
By:  Alan R. Atkins, Esq.

July 9, 2014

Date


Secretary of Housing and Urban Development


_____
By:  Thomas E. Delahanty II, Esq.

_____
Date


OneWest Bank, FSB, n/k/a OneWest Bank, N.A.


_____
By:  Leonard F. Morley, Jr., Esq. #3856
     William B. Jordan, Esq. #461
     Elizabeth P. Hunt, Esq. #3162

_____
Date

Attorneys for Plaintiff


This document may be executed with counterpart original signature pages which together may constitute a complete written agreement.

e. Pursuant to Rule 79(a) this Order may be incorporated by reference on the Civil Docket.

Dated: _____

Justice, Superior Court

Entered On:

Seen and Agreed:

Ouida L. Wilkins

_____          _____
By: Alan R. Atkins, Esq.                                    Date

Secretary of Housing and Urban Development

By: Thomas E. Delahanty II, Esq. (1475)          06/30/2014
United States Attorney                                      Date
District of Maine

OneWest Bank, FSB, n/k/a OneWest Bank, N.A.

_____          7/11/14
By: Leonard F. Morley, Jr., Esq. #3856            Date
    William B. Jordan, Esq. #461
    Elizabeth P. Hunt, Esq. #3162
    Elizabeth M. Young, Esq. #5150
Attorneys for Plaintiff

This document may be executed with counterpart original signature pages which together may constitute a complete written agreement.

# EXHIBIT A
## MORTGAGE
### (05-02845L WILKINS)

A certain lot or parcel of land situated on the northerly side of Carroll Street, in the City of Portland, Cumberland County, Maine, described as follows, viz:

Beginning at a point on said northerly side of said Carroll Street at the southeasterly corner of land now or formerly of C. F. Barbour; thence running easterly by said Carroll Street, fifty (50) feet; thence northerly at right angles with said Carroll Street, one hundred and twenty feet (120 ft.); thence westerly, on a line parallel with said Carroll Street, fifty (50) feet to land of said Barbour; thence southerly by said Barbour land one hundred and twenty (120) feet to said Carroll Street and the point of beginning.

Also hereby conveying to said Grantees, their heirs and assigns, a right of way three (3) feet in width along the westerly side of the lot of land adjoining the above described premises on the east, and extending the full depth of said lot, or one hundred and twenty (120) feet, said right of way to be for the common use of said James A. Romito and said Grantees, of his and their heirs and assigns. Be it known that Louis D. Wilkins died June 14, 1993 and Ouida L. Wilkins is the surviving joint tenant.

Being the same premises as described in the deed from Clifton E. Chandler, sole acting executor of the Last Will and Testament of Clyde B. Burnet, to Louis D. Wilkins and Ouida L. Wilkins dated July 8, 1959 and recorded in Book 2484 Page 474, Cumberland County Registry of Deeds.

## CERTIFICATION OF CLERK PURSUANT TO 14 M.R.S. § 2401(3) (F)

Pursuant to 14 M.R.S. § 2401(3)(F), it is hereby certified that no notice of appeal of the Judgment of Foreclosure and Sale in this matter was filed with the Clerk of Court in this action within the appeal period following entry of judgment or that the final judgment has been entered after remand following an appeal.

Dated: _____

_____
Clerk of Court

12-016528